Antonio Demarion COLEY *v.* STATE of Arkansas

CR 90-83                                     795 S.W.2d 356

Supreme Court of Arkansas
Opinion delivered September 24, 1990

*John Ogles*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

PER CURIAM. The briefs in this case are considered to be insufficient for determination of the appeal because of a failure to comply with the Arkansas Supreme Court Rules.

Our rules relating to content and organization of briefs on appeal are quite specific, and the briefs in this instance are woefully inadequate.

Arkansas Supreme Court Rule 9(b) requires a jurisdictional statement. No jurisdictional statement is included in the appellant's brief. Furthermore, Rule 9(b) requires a statement of the case, without argument, sufficient to enable the court to gain an understanding, not only of the nature of the case, but also of the general fact situation. The appellant's statement contains nothing more than a bare statement of the charges and results of the trial.

Rule 9(c) next requires that the appellant list and separately number the points relied upon for reversal. The appellant here not only fails to list the points relied upon for reversal, but under the "Argument" portion of the brief, he lists as his only challenge the sufficiency of the evidence relating to aggravated robbery. However, under the same heading, he proceeds to argue the sufficiency

of the evidence to sustain a forgery conviction.

Rule 9(d) requires an abstract of the records consisting of an impartial condensation of the matters necessary to an understanding of all questions presented to this court. In addition to arguing portions of the record which have not been abstracted, the appellant clearly abstracted only those parts favorable to his argument for reversal.

Finally, Arkansas Supreme Court Rule 11(f) provides that in cases where, as here, the sentence is life imprisonment, the court must review all errors prejudicial to the appellant. In order to make that review possible, the rule requires the appellant to abstract all of the objections that were decided adversely to him in the trial court, together with such parts of the record as are needed for an understanding of the objection. The appellant did not comply with this rule.

Rule 11 further requires that the state make certain that all exceptions have been so abstracted and mandates that the state brief all points argued by the appellant together with any other points which appear to the Attorney General to involve prejudicial error. In this case, no such certification was made by the state.

In those instances where the appellant's brief is thought by the state to be deficient, those deficiencies may be called to the court's attention and, at the option of the appellee, a supplemental abstract may be included as part of the appellee's brief. Arkansas Supreme Court Rule 9(e)(1). Here, the appellee neither noted the deficiencies of the appellant's brief nor submitted a supplemental abstract; yet the state argued unabstracted portions of the record.

■ This case is remanded for rebriefing and the parties are subject to the briefing provisions of Arkansas Supreme Court Rule 11(a), with the transcript considered to be lodged as of this date.

Remanded for rebriefing.